**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JESUS URQUIZA-OROZCO, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-01428-XR |
| | § | |
| PAMELA JO BONDI, UNITED STATES | § | |
| ATTORNEY GENERAL; KRISTI LYNN | § | |
| NOEM, SECRETARY OF HOMELAND | | |
| SECURITY; ACTING FIELD DIR. | | |
| SYLVESTER M ORTEGA, SAN | | |
| ANTONIO ACTING FIELD OFFICE | | |
| DIRECTOR FOR DETENTION AND | | |
| REMOVAL, U.S. IMMIGRATION AND | | |
| CUSTOMS ENFORCEMENT; AND | | |
| BOBBY THOMPSON, WARDEN, | | |
| SOUTH TEXAS ICE PROCESSING | | |
| CENTER; | | |
| *Respondents* | | |

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

On this date, the Court considered Jesus Urquiza-Orozco's Petition for a Writ of Habeas Corpus (ECF No. 1) and the Government's response (ECF No. 4). After careful consideration, the petition is **GRANTED**.

**BACKGROUND**

Petitioner is a Guatemalan citizen who entered the United States twenty-five years ago while a young child. ECF No. 1 at 1, 3–4. Since September 2025, Respondents have detained him at the South Texas Immigrant Processing Center in Pearsall, Texas. *Id*. at 2. Respondents have not provided Petitioner with an individualized bond hearing. Petitioner is thus held indefinitely pending adjudication of his immigration status. The parties dispute whether this indefinite detention is a lawful application of 8 U.S.C. § 1225.

## I.  Petitioner's Residence in the United States

Petitioner entered the United States with his parents in 1999. He was four-years-old at the time. He entered without inspection or admission. ECF No. 1 at 1.

In 2016, Petitioner applied for and received legal status in the United States under the Deferred Action for Childhood Arrivals program. ECF No. 1 at 4. He renewed this status twice before it expired. *Id*. Despite this expiration, the Government took no steps to remove Petitioner.

On September 23, 2025, Petitioner was stopped by a Bexar County Sheriff's Deputy for a traffic violation. *Id*. at 5. That officer called U.S. Immigration and Customs Enforcement (ICE) officers. ICE agents arrived and have detained Petitioner since.

At the time of his detention, Petitioner had resided in the United States for almost twenty-six years. He has no criminal history. The Government's response does not explain why it is now necessary to expend government resources to detain Petitioner pending his removal.

## II.  Respondents Claim That Detention is Mandatory Under 8 U.S.C. § 1225

Respondents only state that indefinite detention pending removal is now mandatory because § 1225 controls given Petitioner's circumstances. ECF No. 4 at 3. They point to a recent opinion from the Board of Immigration Appeals within the Department of Justice's Executive Office of Immigration Review. *See Matter of Jonathan Javier Yajure Hurtado, Respondent*, 29 I. & N. Dec. 216 (BIA 2025). In this opinion, the Board reversed Executive Branch policy by concluding that immigration judges lack jurisdiction to hear applications for bond from those in Petitioner's situation. *See Matter of Jonathan Javier Yajure Hurtado*, 29 I. & N Dec. at 229. Instead, those aliens already present in the United States must be detained under § 1225 and cannot be granted bond under § 1226. *Id.*

Based on this Board opinion, Petitioner was denied a bond hearing on October 29, 2025. ECF No. 1 at 5. The Immigration Judge based the denial on a lack of jurisdiction. *Id*. But while

the Board's opinion may be binding on Respondents, "it remains the responsibility of the court to decide whether the law means what the agency says it means." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 109 (2015) (Scalia, J., concurring in the judgment).

Seeking this review, Petitioner filed this habeas action under 28 U.S.C. § 2241. With this action, "Petitioner is not challenging: an order for removal, the process by which [his] removability will be determined, or the exercise of discretion by the Government to detain [him]." *Kostak v. Trump*, No. CV 3:25-1093, 2025 WL 2472136, at *2 (W.D. La. Aug. 27, 2025). Rather, he argues that his detention is (1) unlawful in that it violates the terms of the Immigration and Naturalization Act (8 U.S.C. § 1225–26) and (2) unconstitutional in that it violates due process. ECF No. 1 at 10–19.

## LEGAL STANDARD

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## DISCUSSION

Petitioner claims that Respondents lack statutory authority to detain him without a bond hearing and are depriving him of due process by doing so. *See* ECF No. 1. Because the Court agrees with Petitioner's statutory arguments, it need not address his constitutional one.

## I.   This Court Has Jurisdiction

Respondents cite two statutory provisions that purportedly strip this Court of jurisdiction. Neither do so.

### A.   8 U.S.C. § 1252(g) Does Not Preclude Jurisdiction

Respondents claim that Section 1252(g) deprives the Court of jurisdiction.  That subsection provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).

But Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders."  *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original).  It "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to execute removal orders and thus does not implicate [S]ection 1252(g)."  *Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Here, Petitioner "does not challenge a decision to commence removal proceedings, adjudicate a case against him, or execute a removal order. . . . [H]e challenges the decision to detain him."  *Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025).  So Section 1252(g) does not divest the Court of jurisdiction.

### B.   8 U.S.C. § 1252(b)(9) Does Not Preclude Jurisdiction

Respondents also argue that 8 U.S.C. Section 1252(b)(9) precludes jurisdiction. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus . . . , or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

But once again, this provision "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (cleaned up). It does not "'sweep within its scope claims with only a remote or attenuated connection to the removal of an alien'. . . [or] preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings' already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 9 (1st Cir. 2007)). Finally, it applies only "[w]ith respect to review of an order of removal." 8 U.S.C. § 1252(b); *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025); *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1257 (11th Cir. 2020); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *2 (D. Colo. Oct. 24, 2025).

Applied to this case, there are at least two bases on which to reject the argument that Section 1252(b)(9) precludes jurisdiction. First, Petitioner claims that Respondents lack "legal authority to subject [him] to mandatory detention under [Section] 1225 instead of detention with a bond hearing under [Section] 1226(a)." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025). He does *not* seek review of "an order of removal, the decision to seek removal, or the process by which removability will be determined." *Id.*; *Aguilar*, 510 F.3d at 11 (discussing legislative history indicating that Section 1252(b)(9) does not preclude claims "independent" of removal, including "habeas review over challenges to detention"). So Section

1252(b)(9) "does not present a jurisdictional bar" here. *See Regents of the Univ. of Cal.*, 591 U.S. at 19.

Second, Petitioner cannot "efficaciously" raise his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647. The core of this dispute is whether Respondents can detain Petitioner without a bond hearing—that is, with no administrative opportunity to contest his detention. If Section 1252(b)(9) precluded this habeas petition, Petitioner's detention would be "effectively unreviewable." *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (plurality). "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Id.*

The Court has jurisdiction.

## II. Petitioner's Detention Is an Unlawful Application of 8 U.S.C. § 1225

The statutory question is whether Section 1225(b)(2) applies to all aliens who, like Petitioner, are already in the country but entered without inspection. If so, Section 1225(b)(2) makes Petitioner's detention mandatory. If not, Section 1226(a) applies, Petitioner's detention is discretionary, and he is entitled to a bond hearing if he remains detained. *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5.

This is not the first case to present this issue; in recent months, courts all over the country have rejected Respondents' broad interpretation of Section 1225(b)(2). *See, e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). This Court does the same.

Opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). The Court finds those opinions generally persuasive and will not restate every rationale therein. *See Buenrostro-Mendez v. Bondi*, No. CV H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) ("The court need not repeat the 'well-reasoned analyses' contained in these opinions and instead simply notes its agreement."). Instead, it will focus on the two factors most commanding against the broad interpretation: Section 1225(b)(2)'s plain language and the Supreme Court's interpretation of the relevant statutes.

## A. Section 1225's Language Does Not Apply to Petitioner

To start, Section 1225(b)(2)'s language is clear. It states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings. 8 U.S.C. § 1225(b)(2)(A). That is to say, Section 1225(b)(2) requires someone to be detained if three conditions are met:

> (1) the alien is an "applicant for admission";
>
> (2) the alien is "seeking admission"; and
>
> (3) an "examining immigration officer determines" the alien "is not clearly and beyond a doubt entitled to be admitted."

*Id.*; *see, e.g.*, *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

Here, the first condition is met. The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). "The terms 'admission' and 'admitted' mean, with respect to an alien, the lawful entry of the alien into the

United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). Because Petitioner is present in the United States and has not "lawful[ly] ent[ered] . . . after inspection and authorization by an immigration officer," he is an "applicant for admission." *Id.* §§ 1101(a)(13)(A); 1225(a)(1).

But at the time of Petitioner's detention, he was not "seeking admission." Again, admission refers to "lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A). When ICE detained him in 2025, Petitioner was not seeking entry, much less "lawful entry . . . after inspection and authorization." *See Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008), *as amended* (June 5, 2008) ("Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." (Emphasis in original)); *Lopez Benitez*, 2025 WL 2371588, at *6 (noting that Respondents' interpretation "would render the phrase 'seeking admission' in [Section] 1225(b)(2)(A) mere surplusage"). Because Petitioner is not "seeking admission," ICE may not detain him under Section 1225(b)(2).

## B. Section 1226 Applies to Petitioner According to *Jennings*

If that were not enough, the Supreme Court recently discussed the relationship between Sections 1225 and 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under [Sections] 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under [Section 1226]." *Jennings*, 583 U.S. at 289.

The Court clarified how these provisions applied to different categories of aliens: "§ 1226 applies to aliens already present in the United States." *Id.* at 303. On the other hand, "the language of §§ 1225(b)(1) and (b)(2) is quite clear": "§ 1225(b) applies primarily to aliens seeking entry into the United States ('applicants for admission' in the language of the statute)." *Id.* at 297. 303.

8

Respondents may argue that this *Jennings* language is dicta. Even if it is, courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016)).  So Section 1225(b)(2) applies to noncitizens "seeking admission," and Section 1226 applies to noncitizens "already in the country."  Respondents may not detain Petitioner pursuant to Section 1225(b)(2).

### C.  Appropriate Remedy

Because Petitioner cannot be detained under Section 1225(b)(2), the remaining option is Section 1226.  Respondents do not claim that Petitioner's current detention is under Section 1226. In fact, they assert that the only relief available to him is release from custody. ECF No. 4 at 3.  As such, "the Court sees no reason to consider" Section 1226 as a basis for Petitioner's current detention.  *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025).  His detention is unlawful, and habeas relief is proper.

## III. Attorney's Fees

Petitioner requests attorney's fees under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412(d)(1)(A).  Because fees under the EAJA are not available in habeas corpus proceedings like this one, that request is denied.  *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

## CONCLUSION

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **GRANTED**.  It is **ORDERED** that:

1. Respondents **RELEASE** Petitioner from custody, under appropriate conditions of release, to a public place by **no later than 12:00 p.m. on November 20, 2025.**

2. Respondents **NOTIFY** Petitioner's counsel of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release;**

3. If Petitioner is re-detained pursuant to Section 1226, all applicable procedures must be followed, including that Petitioner be afforded a bond hearing;

4. The parties shall **FILE** a Joint Status Report **no later than 5:00 p.m. November 21, 2025**, confirming that Petitioner has been released;

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 18th day of November, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE